## CAMPBELL PRINTING-PRESS & MANUF'G CO. *v.* MANHATTAN RY. CO.

*(Circuit Court, S. D. New York.   September 21, 1891.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—TEMPORARY INJUNCTION.

Where the owner of a patent for an invention used in car-couplings is not merely a user of the patent, but licenses its use by others, a railroad company will not be temporarily enjoined, in a suit for infringement and damages, from using such infringing couplings as it already has in use, where the parties are wide apart in their views as to the proper amount of royalty, but may be enjoined from the use of any others which may infringe.

In Equity.

Suit by the Campbell Printing-Press & Manufacturing Company against the Manhattan Railway Company, to compel defendant to account for and pay over all profits derived by it from the use of an improvement in valves, used in its car-couplings, the patent on which was owned by complainant, and for a preliminary and permanent injunction to enjoin defendant from making, using, or selling any apparatus containing the invention covered by the patent.

*Chas. De Hart Brower,* for complainant.

*Davies, Short & Townsend,* for defendant.

LACOMBE, Circuit Judge.   The validity of the patent being practically conceded, and it being apparently easy for the defendants to substitute other couplings quite as efficient as the infringing devices, I should be inclined to grant this injunction in such form as would allow the change to be made without undue inconvenience to the traveling public.   It appears, however, that complainant is not merely a user of the patented article, but seeks to benefit under the patent by licensing the use of the couplings by others, and that the parties are wide apart in their views as to the proper amount of royalty.   I feel constrained, therefore, to refuse a preliminary injunction as against such infringing couplings as are now in use.   *Hoe* v. *Knap,* 27 Fed. Rep. 204; *Hoe* v. *Daily Advertiser Corp.,* 14 Fed. Rep. 914; *New York Grape Sugar Co.* v. *American Grape Sugar Co.,* 10 Fed. Rep. 835; *Pullman* v. *Railroad Co.,* 5 Fed. Rep. 72; *Morris* v. *Lowell Manuf'g Co.,* 3 Fish. Pat. Cas. 67.   Complainant may, however, take an injunction against the use of any others which may infringe his patent, and of course, if he can show any ground for distrusting defendant's ability to pay the damages and profits, may apply for security.